IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRIAN JAMES RITCHIE,

        Plaintiff,        3:11-cv-527-TC

        v.        FINDINGS AND RECOMMENDATION

ROBERT MARTIN HULL,
et al.,

        Defendants.

COFFIN, Magistrate Judge.

    Plaintiff filed a civil rights complaint alleging that he "has been unlawfully incarcerated due to malicious prosecution, and ineffective assistance of counsel." Complaint (#2) p. 2.

    Defendants now move to dismiss (#36) and (#40). Plaintiff has not filed a response.

1 - FINDINGS AND RECOMMENDATION

Defendants Rich and Vernon are attorneys that represented plaintiff in the criminal prosecution giving rise to his claims in this case. Plaintiff alleges that they rendered "ineffective assistance of counsel which resulted in his unlawful incarceration." Complaint (#2) p. 4.

In order to state a claim cognizable under 42 U.S.C. § 1983, plaintiff must allege that a defendant deprived him of a right secured by the Constitution or laws of the United States under the color of state law. Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970); Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991).

Generally, private parties are not acting under color of state law. See, Price v Hawaii, 939 F.2d 702 -708 (9th Cir. 1991). Specifically, public defenders or other appointed counsel when acting in their role as advocates, are not acting under color of state law for purposes of § 1983 liability. Polk Couunty v. Dodson, 454 U.S. 312 (1981); Rivera v. Green, 775 F.2d 1381, 1384 (9th Cir. 1985).

Plaintiff alleges that defendants were ineffective in their representation of him. This alleged conduct, was not state action or under the color of state law. Therefore, plaintiff fails to state a claim cognizable under 42 U.S.C. § 1983.

To the extent plaintiff's complaint can be construed as

2 - FINDINGS AND RECOMMENDATION

attempting to allege an pendent state claim for malicious prosecution, it also fails to state a claim. Plaintiff has failed to allege any facts in his complaint sufficient to satisfy any of the elements of the tort of malicious prosecution. *See,* Blandino v. Fisschel, 179 Or. App. 185, 190 (2002).

Moreover, defendants Rich and Vernon were plaintiff's *defense attorneys.* As such it is impossible for them to have instituted or continued the plaintiff's prosecution as required for the tort of malicious prosecution.

Defendants' Rich and Vernon's Motion to Dismiss (#36) should be allowed. Plaintiff's claims against these defendants should be dismissed with prejudice.

Defendants Hull, Kroger and Hernandez ("the State defendant") also move to dismiss plaintiff's claims against them for failure to state a claim.

Plaintiff alleges that defendant Hull is the "District Attorney at Washington County's DA's Office." Complaint (#2) p. 3. Plaintiff identifies defendant Kroger as "Attorney General at Oregon Department of Justice." *Id.* Plaintiff alleges that defendant Hernandez is a "Circuit Court Judge at Washington County Courthouse." Id. Plaintiff has not alleged any facts in support of his claim against these defendants or explained how their conduct allegedly violated his rights.

3 - FINDINGS AND RECOMMENDATION

Accordingly, plaintiff has failed to satisfy the pleading requirements of Federal Rule 8(a), and plaintiff's claim fails as a factual matter.

Presumably plaintiff seeks to hold the State defendants liable for their roles in plaintiff's criminal prosecution.

However, defendant Hernandez is absolutely immune from liability for his judicial acts. <u>Mireless v. Waco</u>, 502 U.S. 9, 11 (1991)(per curiam); <u>Ashelman v. Pope</u>, 793 F.2d 1072, 1075 (9th Cir. 1986) (*en banc*). Defendants Kroger and Hull are entitled to absolute immunity from liability for their prosecutorial functions. <u>Imbler v. Pactman</u>, 424 U.S. 409 (1976).

Therefore, even if plaintiff alleged some facts in support of his claims against these defendants, any alleged facts could not state a claim against these defendants because are immune from liability to plaintiff.

In addition, as noted above, even if plaintiff's complaint could be construed as attempting to allege a state tort claim, plaintiff has failed to allege any facts that would satisfy the elements of a claim for malicious prosecution.

Based on the foregoing, the State defendants' Motion to Dismiss (#40) should be allowed. Plaintiff's claims against defendants Hull, Kroger and Hernandez should be dismissed with

4 - FINDINGS AND RECOMMENDATION

prejudice.

The only remaining defendant is Sheriff Rob Gordon. It does not appear that defendant Gordon has been served. In any event, plaintiff's sole allegation is that "[P]laintiff is unlawfully held in custody by Rob Gordon." No facts are alleged in support of this "claim."

I find that plaintiff's allegation fails to satisfy the pleading requirements of Rule 8 and fails to state a claim against defendant Gordon. Plaintiff's claim against defendant Gordon should be dismissed *sua sponte*.

This action should be dismissed in its entirety, with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the

factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

*Any appeal form an order adopting this Finding and Recommendation or Judgment of dismissal would be frivolous and not taken in good faith.*

DATED this 1\_\_ day of September, 2012.

_____
THOMAS M. COFFIN
United States Magistrate Judge